```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

LOUISIANA MEDICAL MANAGEMENT              CIVIL ACTION
CORP.

VERSUS                                    NO. 06-7248

BANKERS INSURANCE COMPANY,                SECTION "R"(3)
ET AL.

## ORDER

Before the Court is plaintiff Louisiana Medical Management Corporation's request for oral argument on defendant Bankers Insurance Company's motion in limine to exclude the testimony of William Vanderbrook. Because the Court determines based on the briefs that defendant's motion is without merit, oral argument is unnecessary.

This is a commercial property dispute involving a claim for loss of income/business interruption. In support of this claim, plaintiff intends to call Vanderbrook, its accountant for more than twenty years, to testify as a lay witness about plaintiff's accounting, earnings, and tax records, facts that are plainly within Vanderbrook's personal knowledge based on his on-the-job experience.

Federal Rule of Evidence 701 provides that a non-expert witness may testify in the form of opinions or inferences which are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. CIV. P. 701. The Third Circuit has held that a company's accountant may offer lost business profits opinion testimony as a lay witness under Rule 701 because of his personal knowledge of the company's finances. *See Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403-04 (3d Cir. 1980). The Fifth Circuit has endorsed the *Teen-Ed* holding, noting that a company's accountant is comparable to an in-house employee. *See Dijo, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 686 (5th Cir. 2003). This Court finds that Vanderbrook is also akin to a treating physician who, under the rules of this District, need not supply an expert report under Federal Rule of Civil Procedure 26(a)(2)(B). *See* Local Rules, App.; *see also Knorr v. Dillard's Store Servs., Inc.*, 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005).

In light of these cases and the local rules, plaintiff did not have to designate Vanderbrook as an expert and provide defendant an expert report under Rule 26(a)(2)(B). Thus, because

2

it is undisputed that plaintiff timely designated Vanderbrook as a lay witness in this matter, the Court DENIES defendant's motion to exclude his fact testimony at trial.

New Orleans, Louisiana, this 16th day of August, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE